UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULAZIZ TABASI,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

Case No. 1:26-cv-2438

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond. (Pet., ECF No. 1, PageID.1.) Petitioner requests that the Court, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.13.)

In an Order entered on September 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January 14, 2026, bond hearing on September 4, 2026. (Resp., ECF No. 5; Recording of Jan. 14,

2026, Bond Hearing, filed on Sept. 4, 2026.) Petitioner filed his reply on September 10, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is Palestinian, born in the Gaza Strip. Op., *Tabasi v. Mullin et al.* (*Tabasi I*), No. 1:26-cv-1737 (W.D. Mich. July 10, 2026), (ECF No. 12.) Before filing the current § 2241 petition, Petitioner filed a prior § 2241 petition after a bond hearing denial, in *Tabasi I* on June 1, 2026. The opinion in *Tabasi I* provides the relevant facts as follows:

> [Petitioner] was admitted to the United States on April 15, [2016], as a B2 nonimmigrant visitor for pleasure or tourism with authorization to remain in the United States until October 14, [2016]. ([ECF No. 1], PageID.4; 2025 Form I-213, ECF No. 4-1, PageID.33.) Petitioner did not depart the United States. (*See id.*)
>
> On December 12, 2025, ICE agents arrested Petitioner after Petitioner was detained by local law enforcement during routine screening in Petitioner's work as a truck driver. (2025 Form I-213, ECF No. 4-1, PageID.33.) The Department of Homeland Security (DHS) charged Petitioner with being in violation of Section 237(a)(1)(B) of the Immigration and Nationality Act (INA) because Petitioner "remained in the United States for a time longer than permitted." (*Id.*, PageID.34.)
>
> On January 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 4-2, PageID.37.) Following that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "the Court finds that [Petitioner] is a flight risk and that no amount of bond will ensure [Petitioner's] appearance at future court hearings." (*Id.*)
>
> On February 23, 2026, an immigration judge ordered Petitioner removed to Isreal. (Reply, ECF No. 9, PageID.52.) Petitioner filed a timely appeal of that decision, which remains pending. (*Id.*); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ ("A-Number" enter "209035978," "Nationality" enter "Israel") (last visited July 9, 2026).

Op., *Tabasi I*, (ECF No. 12, PageID.76.)

In *Tabasi I*, the Court dismissed Petitioner's § 2241 petition without prejudice because Petitioner's specific claims involved challenges to the immigration judge's factual determinations in the January 14, 2026, bond decision rather than challenging the procedures of the bond hearing itself, and Petitioner had not exhausted his administrative remedies. Under those circumstances,

the Court found that the issues raised in *Tabasi I* had to be first raised to the BIA. *Id.*, (ECF Nos. 12, 13). Petitioner filed his current habeas petition on August 26, 2026. (ECF No. 1.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

In this case, Petitioner argues that his detention has become unreasonably prolonged. (*See* Pet., ECF No. 1, PageID.2.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 5, PageID.22–25.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot

review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore,

---

[1] Moreover, to the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 1, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge